IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FREDRICK MORRIS,            :
                            :
    Plaintiff,              :
                            :
vs.                         :       CIVIL ACTION 10-0365-M
                            :
MICHAEL J. ASTRUE,          :
Commission of Social Security, :
                            :
    Defendant.              :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits (Docs. 1, 9). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (see Doc. 15). Oral argument was waived in this action (Doc. 13). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for action not inconsistent with the Orders of this Court.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty years old, had completed a high school education (Tr. 46), and had previous work experience as a meat cutter and an assistant market manager (Tr. 46-49). In claiming benefits, Plaintiff alleges disability due to status post myocardial infarction with three vessel coronary bypass grafting, coronary artery disease, deep vein thrombosis, and degenerative disk disease of the lumbar spine (Doc. 9 Fact Sheet).

The Plaintiff protectively filed an application for disability benefits on March 14, 2006 (Tr. 116-21; *see* Tr. 14). Benefits were denied following a hearing by an Administrative

Law Judge (ALJ) who determined that Morris was not capable of performing his past relevant work but could perform specific jobs characterized as light work (Tr. 14-23). Plaintiff requested review of the hearing decision (Tr. 103-08) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Morris alleges that: (1) The ALJ did not properly consider the opinions and conclusions of his treating physician; and (2) the ALJ did not properly consider his complaints of pain (Doc. 9). Defendant has responded to—and denies—these claims (Doc. 10).

Plaintiff has claimed that the ALJ did not properly consider his complaints of pain.[1] The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir.

---

[1] The Court will not discuss Morris's other claim.

1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2010). The Court also notes that, in evaluating the evidence, the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d

4

731, 735 (11th Cir. 1981).

In the determination in this action, the ALJ discussed the proper method for analyzing a claimant's pain, concluding with the acknowledgment that he "must make a finding on the credibility of the statements based on a consideration of the entire case record" (Tr. 17). He then summarized Morris's testimony in his decision before finding "that [his] medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below" (Tr. 17). From that point, the ALJ goes into a discussion of the medical evidence and the weight accorded to it (Tr. 17-22); next, the ALJ recounted the vocational expert's testimony and reached the determination that Plaintiff could perform specific light work jobs (Tr. 22-23).

However, the ALJ never got back to an explanation of how Morris's assertions of pain were not credible. Though pain was discussed through the summarizing of the medical evidence, the ALJ never gave reasons for his determination. Though the Government, in its brief, has presented reasons that the ALJ

5

might have made his decision (Doc. 10, pp. 5-7), the Court has no way of knowing, by reading the determination, how he reached his conclusion.

The Court will not point out the specific references of Morris's assertions of pain or the physicians' corresponding evaluations, but notes that the record was replete.  This being the case, the ALJ's failure to explain his credibility decision cannot be considered harmless error.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's complaints of pain.  Judgment will be entered by separate order.  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

DONE this 26th day of January, 2011.

                                     s/BERT W. MILLING, JR.
                                     UNITED STATES MAGISTRATE JUDGE