IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FREDRICK MORRIS,              :
                              :
     Plaintiff,               :
                              :
vs.                           :     CIVIL ACTION 10-0365-M
                              :
MICHAEL J. ASTRUE,            :
Commissioner of Social Security,:
                              :
     Defendant.               :

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 18), and Defendant's Notice of Intent not to Object to Plaintiff's Petition for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 19). After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff **be AWARDED** an EAJA attorney's fee in the amount of $2,156.25, payable to his attorney.[1]

---

[1]In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Court stated: "It is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party." *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir.), *cert. denied*, 129 S.Ct. 724 (2008) ("We conclude the EAJA means what it says: attorney's fees are

1

Plaintiff filed this action on July 15, 2010 (Doc. 1). On January 26, 2011, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner, and remanding this action for further proceedings (Doc. 16). Judgment was entered in favor of Plaintiff and against Defendant (Doc. 17).

On April 19, 2011, Quinn E. Brock, counsel for Plaintiff, filed this Application in which he requests a fee of $2156.25, computed at an hourly rate of $125.00 for 17.25 hours spent in this Court (Doc. 18). Defendant does not oppose an award of attorney's fees under EAJA for the amount requested at the hourly rate requested (Doc. 19).

The EAJA requires a court to

> award to a prevailing party . . . fees and
> other expenses . . . incurred by that party
> in any civil action . . . including
> proceedings for judicial review of Agency
> action, brought by or against the United
> States . . . unless the court finds that the
> position of the United States was
> substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a

---

awarded to the 'prevailing party,' not to the prevailing party's attorney"). In this action, as Morris has specifically assigned "any EAJA award to [his] representative," the Court will pay the fees award to Plaintiff's attorney (Doc. 18, "Contract for Employment for

prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified.

The Court finds that these three statutory conditions have been met. Though Defendant does not concede the third requirement (Doc. 19), the Court finds, after reconsideration of the reasoning given in the Memorandum Opinion and Order (Doc. 16), that the Government's position was not substantially justified.

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in

---

Representation In Social Security Claims," ¶ V).

this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private section, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's attorneys' Application and supporting documentation, finds that Plaintiff's counsel's time expended in prosecuting this action for a total of 17.25 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).  Plaintiff's 17.25

hours, paid at an hourly rate of $125.00, equals $2,156.25.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $2,156.25, payable to his Attorney, Quinn E. Brock.

DONE this 4th day of May, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE